James F. Lewin (SBN 140268)
Renee M. Parker (SBN 256851)
THE MORTGAGE LAW FIRM, PLC
27455 Tierra Alta Way, Ste. B
Temecula, CA 92590
Telephone: (619) 465-8200
Facsimile: (951) 308-0055
James.Lewin@mtglawfirm.com
TMLF File No. 140137

Attorneys for Movant,
SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – MODESTO DIVISION

| In re:<br><br>ROBERT E. DAILEY and DEBORAH P. DAILEY aka DEBORAH PATTERSON DAILEY aka DEBORAH P. DAILEY aka DEBORAH JEAN DAILEY,<br><br>      Debtors. | Case No.: 18-90296<br>Chapter: 13<br>Judge: Honorable Robert S. Bardwil<br><br>D.C. No.: JFL-1<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 (REAL PROPERTY)**<br><br>Date:  08/14/2018<br>Time:  10:00 a.m.<br>Ctrm:  Dept. D<br>Location: 1200 I Street, Suite 4<br>      Modesto, CA 95354 |
|---|---|

**TO THE HONORABLE ROBERT S. BARDWIL, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THE CHAPTER 13 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES:**

  SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), its successors and/or assigns ("Movant")

hereby moves this Court pursuant to 11 U.S.C. §§ 362(d)(1) for an order terminating the automatic stay of 11 U.S.C. § 362(a) as it applies to Movant and the real property located at 3904 MARYDALE WAY, MODESTO, CALIFORNIA 95355 ("Property") so that Movant may commence and/or continue all acts necessary under applicable non-bankruptcy law to enforce its rights and remedies against the Property. This Motion is based on this Motion for Relief from Stay, the Notice of Motion for Relief from the Automatic Stay, the Memorandum of Points and Authorities in Support of the Motion for Relief from the Automatic Stay and the Declaration in Support of the Motion for Relief from the Automatic Stay filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

This Motion is made on the grounds that Movant has not received timely or consistent post-petition payments and that multiple unauthorized transfers and/or several bankruptcy petitions have been filed in bad faith solely to hinder, defraud and delay Movant from exercising its rights and remedies in the Property as follows:

**1.　Pursuant to 11 U.S.C. § 362(d)(1) as Movant's Interest is Not Adequately Protected Due to Debtors Failure to Make Post-Petition Payments and a Lack of Equity in the Property:** ROBERT E. DAILEY and DEBORAH P. DAILEY ("Debtors") executed the relevant promissory Note on 10/20/2004, in the original amount of $299,100.00. The Note is secured by a Deed of Trust encumbering the Property now held by Movant (See Exhibits in Support of Motion for Relief from Automatic Stay ("Exhibits") filed concurrently herewith at **Exhibits A-C**, Note, Deed of Trust and Assignment). Thereafter, on 04/24/2018, Debtors filed the above-captioned bankruptcy. In May 2018, Debtors defaulted post-petition by failing to make the required payments due to Movant under the Note and Deed of Trust. Since that time, Debtors have remitted no further post-petition payments to Movant. Currently, Debtors still owe Movant six (6) pre-petition payments for the months of 10/01/2017 through 04/01/2018, and two (2) post-petition payments for the months of 05/01/2018 through 06/01/2018. Accordingly, cause exists to grant Movant relief from stay under 11 U.S.C. § 362(d)(1) as Debtors have failed to make timely and consistent post-petition payments as required (*See In re Ellis*, 60 B.R. 432
2

MOTION FOR RELIEF FROM AUTOMATIC STAY

(BAP 9th Cir. 1985); *In re Harlan*, 783 F.2d 839 (BAP 9th Cir. 1986) holding that a debtor's failure to make post-petition payments to his/her secured creditors constitutes cause to grant relief under 11 U.S.C. § 362(d)(1)).

Additionally, further cause exists to grant relief as Movant is not adequately protected by a sufficient cushion of equity in the Property. Debtors' Schedules A and D filed in their bankruptcy indicate that the Property has a current value of $278,000.00. As set forth in Movant's Relief from Stay Coversheet filed herewith the balance due under the Note and Deed of Trust totals $274,272.40 and the combination of all liens encumbering the Property total $306,249.08, thereby resulting in a negative equity cushion of ($28,249.08) (See Exhibits at **Exhibit F**, Debtors' Schedules A and D). Thus, further cause exists to grant relief under 11 U.S.C. § 362(d)(1) as there is no equity in the Property to adequately protect Movant's interest as required (*See In re Mellor*, 734 F.2d 1396 (9th Cir. 1984 holding that lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection and cause to grant relief under 11 U.S.C. § 362(d)(1)).

**WHEREFORE,** Movant respectfully prays that this Court issue an Order as follows:

(1). For an Order granting relief from and terminating the automatic stay as to Debtor and Debtor's estate to allow Movant, and or its successors and/or assigns, to proceed under applicable non-bankruptcy law to enforce its rights and remedies in the Property under the subject Note and Deed of Trust to foreclose upon and/or to take any other actions necessary to obtain possession of the Property.

(2). For an Order that the fourteen day stay described by Federal Rule of Bankruptcy Procedure Rule 4001(a)(3) is waived.

(3). That the Order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the United States Bankruptcy Code, unless a specific exception has been provided herein.

(4). That the Movant, its successors and/or assigns, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law and that Movant may

contact Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

    (5). For an Order permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant Motion by adding these amounts to the outstanding balance due under Movant's Note, as allowed under applicable non-bankruptcy law.

    (6). For such other and further relief as the Court deems appropriate.

Respectfully submitted,

THE MORTGAGE LAW FIRM, PLC

Dated: June 27, 2018    By:    */s/ James F. Lewin*
    James F. Lewin, Esq.
    Renee M. Parker, Esq.
    Attorneys for Movant